UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-00075-BR

| CORA L. GORHAM WHITE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| PITT COUNTY SCHOOLS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court on the 26 June 2017 motion to dismiss filed by the Pitt County Board of Education ("the Board"). (DE # 9.) Plaintiff filed a response in opposition on 20 July 2017. (DE # 16.) The Board filed a reply on 1 August 2017. (DE # 17.) The motion has been fully briefed and is ripe for disposition.

## I. FACTS[1]

Plaintiff was hired by Pitt County Schools ("PCS") in 1982 as a teaching assistant. (Compl., DE # 1, at 6.) She was later promoted to a math teacher position in 1992 or 1997. (Id.; DE # 1-1, at 1.) In August 2011, plaintiff was transferred to A.G. Cox Middle School. (DE # 1-1, at 6-7.) Following her transfer, plaintiff had a number of conflicts with Principal Tracy Cole, including issues related to student transfers and discipline, personal leave, after-school activities, and plaintiff's failure to attend a meeting. (Id. at 7.)

---

[1] Plaintiff's complaint, (DE # 1), was filed with 43 pages of attachment consisting of the EEOC charge, right to sue letter, notes, correspondence, and medical records, (DE # 1-1). The last line of plaintiff's complaint states "see attached exhibit," (DE # 1, at 4), and the Board acknowledges that the complaint is difficult to decipher without considering the attached documents, (see Def.'s Supp. Mem., DE # 10, at 2 n.1). The court will therefore consider additional facts alleged in these attachments to the extent they are consistent with the allegations in plaintiff's complaint. See E. I. du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.").

On 6 February 2013, plaintiff was suspended without pay based on allegations of unethical behavior. (Id. at 1, 7, 22.) Following these allegations, plaintiff met with Glen Buck, Personnel Director for PCS, and Delilah Jackson, Assistant Superintendent of Human Resources for PCS. (Id. at 4-5, 7.) In addition, plaintiff's information was forwarded to the legal office of the North Carolina State Board of Education ("NCSBOE") and the Superintendent's Ethics Advisory Committee. (Id. at 19, 21.)

Plaintiff returned to work on 26 February 2013. (Id. at 19.) On 15 May 2013, the Superintendent's Ethics Advisory Committee "found that there was no cause at this time to take any action against [plaintiff's] North Carolina teaching license." (Id. at 21.) Plaintiff was again suspended on 6 June 2013, and has not returned to work since that date. (Id. at 1.) Following her suspension, plaintiff was approved for short-term disability benefits due to major depressive disorder, anxiety, and fibromyalgia. (Id. at 40-41.)

On 24 April 2015, Superintendent Ethan Lenker notified plaintiff via letter that she was banned indefinitely from entering or being present on any property owned or leased by PCS and from attending any school-sponsored activities. (Id. at 11; Compl., DE # 1, at 3.) This ban was apparently due to allegations stated against plaintiff and investigated by the Pitt County Sheriff's Department. (DE # 1-1, at 11.) In issuing the ban, Dr. Lenker noted that plaintiff was on "short-term disability leave and d[id] not need to be present on school system property to discharge your duties as an employee." (DE # 1-1, at 11.) Although the ban applied to all PCS premises, plaintiff alleges that the only school that was notified of the ban was South Central High School, where her niece was enrolled as a student. (Compl., DE # 1, at 3.)

The Sheriff's Department closed its investigation on 22 April 2015 and took no further action on the matter. (Id.) The ban continued to remain in place until 25 August 2015, when

2

Dr. Lenker modified the ban to allow plaintiff to attend conferences or other events at South Central High School with preapproval from school administrators. (DE # 1-1, at 20.) In the letter notifying plaintiff of this modification, Dr. Lenker noted that since issuing the ban plaintiff was "now on long-term disability leave administered by the State of North Carolina and that you have resigned your positon with Pitt County Schools as required to receive long-term disability benefits." (Id.)

Plaintiff alleges that she later received approval to be on school property from the principal at South Central High School. (Id. at 10.) After receiving this approval, plaintiff attended several of her niece's basketball functions. (Id.) In April 2016, while attempting to pick up her niece from school, plaintiff was notified that the ban remained in place and that she was still not allowed to be on PCS property. (Id.) According to plaintiff, due to being denied access to her niece's school and the continual harassment and bullying in the years following her suspension, she has suffered severe physical, mental, financial, and psychological hardships. (DE # 1, at 4.)

Plaintiff subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting claims of disability discrimination, harassment, and retaliation under the Americans with Disabilities Act ("ADA"). (DE # 1-1, at 1.) On 2 June 2017, plaintiff, who is proceeding *pro se*, initiated this suit asserting claims of "bullying, harassment, failure of due process, [and] failure to reimburse money taken during investigation retaliation." (Compl., DE # 1, at 2.) On 26 June 2017, the Board filed a motion to dismiss under Rules 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE # 9.)

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Whether subject matter jurisdiction exists is a threshold question that must be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Under Rule 12(b)(1), the plaintiff bears the burden of showing that subject matter jurisdiction exists. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). "In determining whether jurisdiction exists, the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" Twombly, 550 U.S. at 555.

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and construe them in the light most favorable to plaintiff. Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). A *pro se* litigant's pleadings are to be construed liberally to ensure that valid claims do not fail merely for lack of legal specificity. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). While *pro se* litigants are held to less stringent pleading standards than attorneys, this does not "undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Thus, even a *pro se* complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

### III. ANALYSIS

**A. ADA Claims**

To the extent plaintiff brings a claim under the ADA, the Board asserts that the court lacks subject matter jurisdiction to consider such claims because plaintiff failed to follow the applicable administrative requirements. (Def.'s Supp. Mem., DE # 10, at 5-6.) Before filing an ADA claim in federal court, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. Bannister v. Wal-Mart Stores E., L.P., 843 F. Supp. 2d 610, 616 (E.D.N.C. 2012) (citing 42 U.S.C. § 2000e-5(e)(1)). "When a plaintiff fails to comply with the 180-day filing requirement, the complaint is time barred and must be dismissed." Sheaffer v. Cty. of Chatham, 337 F. Supp. 2d 709, 723 (M.D.N.C. 2004) (citing McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994)).

5

The Board asserts that plaintiff failed to file her EEOC charge within 180 days of the most recent discriminatory act alleged in her complaint. (Def.'s Supp. Mem., DE # 10, at 5-6.) Plaintiff's EEOC charge bears the date of 2 June 2017, and was sworn and notarized on that same date. (DE #1-1, at 1.) It is somewhat odd that the EEOC dismissal and notice of rights letter that was mailed to plaintiff, which is also attached to plaintiff's complaint, is dated three months earlier (2 March 2017). (See DE # 1-1, at 2.) However, plaintiff's response brief does not address the apparent discrepancy between these two documents. (See Pl.'s Resp., DE # 16.) In fact, plaintiff's response brief includes no reference whatsoever to the date on which she filed the EEOC charge. (See id.) Without any allegation to the contrary, the court muse the 2 June 2017 date of filing with the EEOC.

The EEOC charge shows that plaintiff alleged that discrimination took place from 6 June 2013 to 22 April 2015, and checked off the box that it was a "continuing action." (DE # 1-1, at 1.) However, in her one of her attachments, plaintiff alleges that the latest discriminatory act occurred in April 2016, when she was not permitted entry at her niece's school. (See DE # 1-1, at 10.) Assuming plaintiff suffered the last alleged discriminatory act in April 2016 and that it was related to her employment, plaintiff filed her charge of discrimination over a year after this alleged act took place. Because plaintiff filed her EEOC charge well outside of the 180-day window, the court finds that plaintiff's claims under the ADA are time barred.

**B. State Law Claims**

To the extent plaintiff asserts a state law tort claim for the bullying and harassment she allegedly suffered from various PCS employees, the Board argues that any such claims are barred by the doctrine of sovereign immunity. (Def.'s Supp. Mem., DE # 10, at 7.) In North Carolina, "[a] county or city board of education is a governmental agency, and therefore may not

be liable in a tort action except insofar as it has duly waived its immunity from tort liability pursuant to statutory authority." Overcash v. Statesville City Bd. of Educ., 348 S.E.2d 524, 526 (N.C. Ct. App. 1986). Pursuant to North Carolina General Statute § 115C-42, securing liability insurance is "the exclusive means for a local board of education to waive immunity." Frye v. Brunswick Cty. Bd. of Educ., 612 F. Supp. 2d 694, 702 (E.D.N.C. 2009) (citing N.C.G.S. § 115C-42).

"[U]nder North Carolina law, a complaint alleging negligence of a school board fails to state a claim upon which relief can be granted when it includes no allegations of immunity waiver based on insurance procurement." Miller v. Union Cty. Public Schs., No. 3:16-CV-00666-FDW-DCK, 2017 WL 3923977, at * 6 (W.D.N.C. Sept. 7, 2017) (citations omitted). Nowhere in the complaint or the exhibits attached to it does plaintiff allege that the Board has waived immunity by purchasing liability insurance. Accordingly, any state law tort claims that plaintiff seeks to assert against the Board must be dismissed.

In her complaint, plaintiff also asserts that she has been "forced to forfeit the profession" she loves, suggesting a claim for constructive or wrongful discharge. (Compl., DE # 1, at 4.) She further alleges that Buck and Dr. Jackson provided "false information" to the "North Carolina Ethics Commission," and otherwise violated state policies and procedures pertaining to "suspension" and "personnel issues." (DE # 1-1, at 4-5.) To the extent these allegations can be construed to assert a claim in relation to plaintiff's suspensions or the disciplinary action taken against her, the Board argues that such claims must be dismissed for lack of jurisdiction because plaintiff has failed to exhaust her administrative remedies. (Def.'s Supp. Mem., DE # 10, at 8-9.)

"'[W]hen a statute under which an administrative board has acted provides an orderly procedure for an appeal to the superior court for review of the board's action, this procedure is

7

the exclusive means for obtaining such judicial review.'" Ragland v. Nash-Rocky Mount Bd. of Educ., 787 S.E.2d 422, 430 (N.C. Ct. App. 2016) (quoting Presnell v. Pell, 260 S.E.2d 611, 615 (N.C. 1979)). North Carolina General Statute § 115C-325(n) details the appeal process, subject to judicial review, for career teachers who have had their employment suspended. See James v. Charlotte Mecklenburg Cty. Bd. of Educ., 728 S.E.2d 422, 426 (N.C. 2012). With respect to other employment actions, the statute provides that an aggrieved person has a right of appeal to the local school board following a final administrative decision in matters specifically including "[a]n alleged violation of a specified federal law, State law, State Board of Education policy, State rule, or local board policy," or "[t]he terms or conditions of employment or employment status of a school employee." N.C. Gen. Stat. § 115C-45(c). Under specified conditions, the local school board's decision can be further appealed to the superior court. Id.; see also Presnell, 260 S.E.2d at 617 (holding superior court lacked jurisdiction to entertain a cafeteria worker's wrongful discharge claim due to her failure to follow appellate procedures provided in predecessor statute to N.C. Gen. Stat. § 115C-45(c)).

As an exhibit to her complaint, plaintiff includes a timeline regarding the suspensions and other disciplinary actions taken against her. (See DE # 1-1, at 6-7.) Neither the timeline nor the other documents submitted with the complaint indicate that plaintiff followed the statutory appeal process. Because plaintiff has failed to demonstrate that she has exhausted her administrative remedies, any state law claim related to her suspension or disciplinary actions taken against her must be dismissed.

**C. Due Process Claim**

The Board also seeks dismissal of plaintiff's due process claim. Plaintiff alleges a "failure of due process over a 6 year period," and that she has suffered a number of hardships

8

resulting from the violation of her due process rights. (Compl., DE # 1, at 4.) In order to state a claim for denial of procedural due process, a plaintiff must show that she has "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 145 (4th Cir. 2009). A due process violation "is not complete unless and until the State fails to provide due process." Tri-Cty. Paving, Inc. v. Ashe Cty., 281 F.3d 430, 437 (4th Cir. 2002) (citation and quotation marks omitted). "Failure to utilize existing procedures precludes a due process violation." Roseboro v. Winston-Salem/Forsyth Cty. Sch. Bd. of Educ., 2014 WL 5304981, at *5 (M.D.N.C. Oct. 15, 2014) (citing Kendall v. Balcerzak, 650 F.3d 515, 528 (4th Cir. 2011).

Plaintiff first complains of the no trespassing directive, and appears to claim a property interest in her access to PCS property. In North Carolina, local boards of education "have general control and supervision of all matters pertaining to the public schools in their respective local school administrative units[.]" N.C. Gen. State § 115C-40. Consequently, "the authority to direct and manage school institutions and their personnel falls under the province of the local school board." Roseboro, 2014 WL 5304981, at *5 (citing N.C. Gen. Stat. § 115C-40). Since the authority to manage institutions within its district is among the authorities conferred to a local school board by statute, it was within the Board's discretion to limit plaintiff's access to PCS property. Having failed to sufficiently allege a property interest at stake in her ban from PCS property, plaintiff's claim of due process relating to the no trespassing directive must be dismissed.

Plaintiff also complains of the suspensions of her employment with PCS. The Board acknowledges that a career teacher, as defined under N.C. Gen. Stat. § 115C-325, may have a

9

cognizable property interest in continued employment. (Def.'s Supp. Mem., DE # 10, at 10 (citing Crump v. Bd. of Educ. of Hickory Admin Sch. Unit, 392 S.E.2d 579, 584 (N.C. 1990).) Nonetheless, the Board argues that, "even assuming *arguendo* that Plaintiff had a property interest in her employment and that she was deprived of that interest by the Board or its employees," plaintiff has not pled either that she exhausted the available administrative remedies or that those remedies were inadequate. (Id. at 10-11.)

To the extent plaintiff attempts to raise a federal due process claim, "[a] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and plaintiff has not availed himself of those remedies." See Kendall, 650 F.3d at 528. As noted previously, plaintiff fails to allege that she utilized the available state administrative remedies to challenge her suspensions or other disciplinary actions related to her employment. Therefore, plaintiff has failed to state a claim for violation of her federal due process rights.

To the extent plaintiff attempts to raise a claim for a due process violation under state law, "North Carolina courts have consistently interpreted the due process and equal protection clauses of the North Carolina Constitution as synonymous with their Fourteenth Amendment counterparts." Tri Cty. Paving, Inc., 281 F.3d at 435 n.6. Because the court has found that plaintiff has failed to state a claim under the due process clause of the United States Constitution, plaintiff's claim under the North Carolina constitution fails as well. See Fothergill v. Jones Cty. Bd. of Educ., 841 F. Supp. 2d 915, 917-18 (E.D.N.C. 2012) (finding no genuine issue of material fact existed as to plaintiff's claim for a due process violation under North Carolina law where the court had previously dismissed plaintiff's claim under the federal due process clause).

## III. CONCLUSION

For the reasons stated herein, the Board's motion to dismiss, (DE # 9), is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Board and close this case.

This 22 February 2018.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge